### RUPPEL *v.* DONOHUE.

*(City Court of New York, General Term.* May 26, 1890.)

SALE—ACTION FOR PRICE.
   In an action for goods sold, the answer alleged that they were delivered under an agreement that they were to be applied to the payment of a debt owing by plaintiff's husband to defendant. *Held,* that the exclusion of evidence tending to prove the agreement, and the refusal to let the jury determine whether the goods were delivered under it, called for the reversal of a judgment in plaintiff's favor.

Appeal from trial term.

Action by Margaret Ruppel against Michael Donohue. Between the 8th day of September, 1888, and April 22, 1889, the plaintiff, who was the owner of a butcher shop at No. 590. Tenth avenue, New York, sold and delivered to the defendant certain fats. Prior to the 8th day of September, 1888, the butcher shop of the plaintiff was owned and conducted by her husband, George Ruppel, from whom plaintiff purchased it. Immediately after purchasing the place, the plaintiff told the collector of the defendant that she had bought the place, and a book was made out in her name. Previous to that time, all fats delivered by George Ruppel to defendant had been entered in a book made out in his name. On the 15th day of July, 1889, plaintiff called at defendant's place of business to have her book balanced, and to receive payments for fats delivered by her; but, instead of paying her, defendant handed back to her her book marked, "Paid per beef bill," together with a bill against George Ruppel on which was a credit of $93.32. Defendant alleges in his answer that George Ruppel, the husband, was indebted to him in the sum of $166.10; that the plaintiff promised and agreed to and with defendant that, if he would forbear bringing any action against said Ruppel upon his indebtedness, she would pay it by delivering to defendant fats from time to time; and that, in pursuance of that agreement, she delivered the fats in question. Plaintiff served a reply denying the making of any such agreement, and pleading the statute of frauds, upon the theory that the agreement asserted by the defendant was in the nature of a promise to answer for the debt of another. The trial judge refused to send the case to the jury to determine whether the fats were delivered under an agreement of sale, or under an agreement by which the fats were delivered in part satisfaction of the husband's debt, and directed a verdict for the plaintiff, from which the defendant appeals.

Argued before MCADAM, C. J., and FITZSIMONS, J.

*Guggenheimer & Untermeyer,* for appellant. *D. Frank Lloyd,* for respondent.

PER CURIAM. We think the question should have gone to the jury to determine whether the fats delivered to the defendant were sold to him in the ordinary way, or whether they were delivered in performance of an agreement that it was to go in payment of the debt owing by the husband to the defendant. It was a mode of paying his debt which, if assented to,—and the proof shows it was,—is open to no legal objection. For this reason, and for error

in excluding evidence tending to prove this agreement, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.