### THIEME v. HENDERSON.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. SALE OF GOODS—ACTION FOR PRICE—DEFENSE.

In an action for goods sold and delivered, it was a good defense that at the time of the sales plaintiff agreed that the goods should go in part payment of a debt owed by his wife to defendant.

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Rudolph Thieme against William Henderson. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Willoughby B. Dobbs, for appellant.

Henry C. Henderson, for respondent.

PER CURIAM. In this action the plaintiff sought to recover $340.39 for goods sold and delivered. The pleadings were oral, and the defendant interposed a general denial and a plea of set-off. The plaintiff established his claim. To defeat it the defendant introduced evidence sufficient to sustain a finding to the effect that at the time of the sales by the plaintiff his wife was indebted to the defendant in an amount greater than the aggregate price of the goods sold, and that the plaintiff agreed that the property sold and delivered to the defendant should go in payment of the debt owing by his wife to the defendant. We cannot say that the Municipal Court judge was wrong in adopting this view of the transaction. It has been held that such a mode of paying a debt is open to no legal objection. Ruppel v. Donohue (City Ct. N. Y.) 10 N. Y. Supp. 100. The answer was properly amended to conform to the proof, at the close of the case, and the judgment in favor of the defendant, which amounts to an adjudication that the goods sold have been paid for by credits given to the plaintiff's wife in the defendant's account against her, should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.