RUDOLPH THIEME, Appellant, *v.* WILLIAM HENDERSON, Respondent.

*Payment, for goods purchased, by a credit in an account existing in the vendee's favor against the vendor's wife.*

Where, at the time of the sale of goods, the vendor's wife was indebted to the vendee in an amount exceeding the value of the goods sold, and the vendor agrees that the goods sold shall be applied in payment of the debt owing by the vendor's wife to the vendee, the vendor cannot subsequently recover the price of the goods from the vendee.

APPEAL by the plaintiff, Rudolph Thieme, from a judgment of the Municipal Court of the city of New York, borough of the Bronx, in favor of the defendant, entered on the 7th day of October, 1902.

*Willoughby B. Dobbs,* for the appellant.

*Henry C. Henderson,* for the respondent.

PER CURIAM:

In this action the plaintiff sought to recover $340.39 for goods sold and delivered. The pleadings were oral, and the defendant interposed a general denial and a plea of setoff. The plaintiff established his claim. To defeat it the defendant introduced evidence sufficient to sustain a finding to the effect that at the time of the sales by the plaintiff his wife was indebted to the defendant in an amount greater than the aggregate price of the goods sold; and that the plaintiff agreed that the property sold and delivered to the defendant should go in payment of the debt owing by his wife to the defendant. We cannot say that the Municipal Court judge was wrong

in adopting this view of the transaction. It has been held that such a mode of paying a debt is open to no legal objection. (*Ruppel* v. *Donohue*, 10 N. Y. Supp. 100.) The answer was properly amended to conform to the proof, at the close of the case; and the judgment in favor of the defendant, which amounts to an adjudication that the goods sold have been paid for by credits given to the plaintiff's wife in the defendant's account against her, should be affirmed.

Present — BARTLETT, WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ.

Judgment of the Municipal Court affirmed, with costs.